## NEW YORK COMMON PLEAS.

CLAUDIUS L. MONELL and AMMIEL J. WILLARD agt. JESSE A. MARSHALL.

On a *question of fact*, where on the trial before a referee the witnesses contradict each other upon several material points, no other course can be pursued than to hold that the *conclusion of the referee*, in whose presence the witnesses were examined, *is final*.

*New York General Term, August*, 1863.

DALY, BRADY and HILTON, *Judges*.

APPEAL from a judgment entered in favor of the plaintiffs on a report of a referee.

By the court, DALY, F. J. There was but a single point in this case, and that was a question of fact—whether the defendant employed Willard and Anderson to prosecute Mrs. Smith's claim to the surplus moneys. It was a question in respect to which the testimony was conflicting. The witnesses contradicted each other upon several material points, and where such is the case no other course can be pursued than to hold that the conclusion of the referee, in whose presence the witnesses were examined, is final. The referee, however, has set

forth the reasons which led him to find that Willard and Anderson acted for the defendant in the prosecution of the claim of Mrs. Smith for the surplus moneys, and after a careful examination of the evidence I am inclined to think that the conclusion he came to was a correct one. Setting aside altogether every portion of the testimony where Anderson and Monell are in conflict with Smith and the defendant, and relying only upon the facts which are undisputed, they are sufficient to sustain the finding of the referee. Before the decision of the general term of the supreme court, the claim to the whole surplus was transferred by the order of Smith and wife to the defendant, and after the decision of the general term was affirmed by the court of appeals, and Monell was about to draw the money from the county treasurer, which would have enabled the plaintiffs to retain out of it the amount to which they were entitled for their services, the defendant interposed and induced the county treasurer to pay it over to him, saying he would take the responsibility. This was exercising all the right and authority of an owner. From the commencement of the controversy respecting the surplus until it finally passed into his hands, there has been, on the part of the defendant, that active interference, supervision and control over the whole matter which warrant the conclusion that the relation subsisting between him and the attorneys who carried on the litigation, was that of attorney and client. The practical effect of holding otherwise would be to deprive the plaintiffs of their claim. Smith, who, it is insisted, employed them, is insolvent. The defendant now holds in his hands an amount more than sufficient to pay them, which, according to his own statement, he intends to pay over to Mrs. Smith, to enable her to purchase a piece of property. The value of the plaintiffs' services was admitted. They have received but $69 from the defendant, and $112 deposited by Downing as secu-

rity for the interest of the surplus money, which was granted to them by the court as an allowance in addition to their costs. The money received upon the judgment transferred to them by Smith was but $90, and it was shown by Willard, and not contradicted by Smith, that they had rendered other legal services for him for which the $90 would be but a very inadequate compensation.

The report of the referee should be affirmed.